IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

OTHA JONES                                                              PETITIONER

v.                                        CIVIL ACTION NO. 1:14-cv-128-LG-JCG

JOHNNIE DENMARK                                                   RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition of Otha Jones for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed March 17, 2014 with an accompanying Memorandum of Law in Support of Petition for Writ of Habeas Corpus. (Pet., ECF No. 1; Mem. in Support, ECF No. 2). On April 9, 2014, Johnnie Denmark, the Superintendent of the South Mississippi Correctional Institution in Leakesville, Mississippi, filed an Answer. (Answer, ECF No. 6). Mr. Jones then filed a Reply on April 24, 2014. (Reply, ECF No. 8). Having considered the submissions of the parties and relevant legal authority, the undersigned recommends that the Petition be dismissed for failure to exhaust available state remedies.


I.       **Facts and Procedural History**

Petitioner Otha Jones is currently incarcerated at the South Mississippi Correctional Institution (SMCI), which is operated by the Mississippi Department of Corrections (MDOC) in Leakesville, Mississippi. His habeas petition raises two grounds for relief.

1

Ground One: Petitioner's parole was unlawfully revoked.

Ground Two: Petitioner's parole eligibility date for parole release consideration was unlawfully eliminated by MDOC.

(Pet., ECF No. 1, at 3; Mem. in Support, ECF No. 2, at 3, 10).

Jones pleaded guilty to one count of murder in the Harrison County Circuit Court on August 12, 1976 and was sentenced to a term of life with parole. (Answer, Ex. A, ECF. No. 6-1). Between October 1986 and February 1997, he was released on parole four times and was returned each time. *Id.* In February 1997, Jones pleaded guilty to sale of a controlled substance in the Pearl River County Circuit Court and was sentenced to serve five years consecutive to the life sentence for murder. *Id.* He was released on parole again in January 2001 and returned again on April 22, 2002 after his arrest in St. Tammany Parish, Louisiana on misdemeanor charges. (Mem. in Support, Ex. I, ECF No. 2-9). He has been incarcerated at SMCI since. (Answer, Ex. A, ECF. No. 6-1).

After filing a complaint raising Ground Two in the MDOC Administrative Remedy Program (ARP) in 2013 – which was rejected at both the First Step and the Second Step – Jones appealed his unfavorable ARP decision to the Mississippi state courts. (Answer, Ex. C ECF No. 6-3). The Circuit Court of Greene County granted Jones *in forma pauperis* (IFP) status and, on review, affirmed the ARP decision. (Answer, Ex. D, ECF. No. 6-4). Jones appealed the circuit court's decision to the Mississippi Supreme Court; however, he was denied IFP status for his appeal.

(Answer, Ex. G, ECF No. 6-7, at 28). On January 2, 2014, his appeal was dismissed for failure to pay the filing fee. (Answer, Ex. E, ECF No. 6-5).

Jones had filed a prior ARP complaint raising Ground One in 2010, and he appealed the rejection of his complaint to the Greene County Circuit Court.[1] (Mem. in Support, Exs. C and H, ECF Nos. 2-3, 2-8). His appeal was transferred from Greene County, to Harrison County, to Hinds County. (Answer, Ex. G, ECF No. 6-7, at 17). On November 4, 2011, the Hinds County Circuit Court dismissed his claim on the basis that it lacked jurisdiction to review the Parole Board's decision to revoke his parole. Jones' appeal of this dismissal was filed with the Mississippi Supreme Court on June 13, 2013. *Id.* at 23. As of the date of this Report and Recommendation, this appeal appears to still be pending before the Mississippi Supreme Court.[2]

Jones filed the instant Petition for Writ of Habeas Corpus with this Court on March 17, 2014.

## II.  Discussion

---

[1] The history of Jones' 2010 complaint is not clear from the record. It was rejected in a 2010 ARP decision on the basis that the MDOC does not handle Parole Board matters. However, there is no designation of First Step or Second Step on that decision. The circuit court that ruled on his appeal stated that it was ruling on an appeal of a Parole Board Decision, but it would appear to be the appeal of Jones' 2010 ARP decision. For purposes of this Report and Recommendation, the Court will assume that Jones exhausted whatever administrative remedies were required of him prior to filing suit in state court.

[2] The docket of *Otha Jones v. Mississippi Parole Board*, 2013-TS-1029 is available in the Mississippi Judiciary Administrative Office of Courts' General Docket, http://courts.ms.gov/appellate_courts/generaldocket.html.

Petitioner affirmatively represents that he has exhausted available state remedies because he has "presented the highest state court with an opportunity to address/decide these matters," and that is sufficient to satisfy the exhaustion doctrine. (Mem. in Support, ECF No. 2, at 19). Respondent counters that the claims laid out in the instant Petition "have not been presented to the state's highest court in a procedurally proper manner," thus Petitioner's claims are not properly before the Court. (Answer, ECF No. 6, at 5). Further, Respondent asserts that petitioner's claim in Ground Two – that his eligibility date for parole release consideration was unlawfully eliminated – is procedurally defaulted because "there is no opportunity for Jones to present his claim to the state court in which such claim would be deemed procedurally proper." *Id.* For the reasons that follow, the undersigned recommends that Ground One of Jones' Petition be dismissed without prejudice for failure to exhaust state court remedies and that Ground Two should be dismissed with prejudice because his claim is procedurally defaulted.

A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) – which governs habeas petitions filed by state court prisoners – requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). In order to

satisfy this exhaustion requirement, a petitioner "must 'fairly present[ ]' his legal claim to the highest state court in a procedurally proper manner" such that the state courts are apprised of the constitutional foundation of the claim. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (citations omitted).

When a petitioner "fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred," a procedural default occurs. *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (citing *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001)). Procedurally defaulted claims may not be reviewed unless "'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (quoting *Hughes v. Quarterman,* 530 F.3d 336, 341 (5th Cir.2008) (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991))).


B. Analysis

Contrary to petitioner's assertion, presenting the Mississippi Supreme Court with an "opportunity" to review his claims does not satisfy the exhaustion requirement. The claim in Ground One is still pending in an open case before the Mississippi Supreme Court and is therefore clearly not exhausted. Although the exhaustion requirement "is not jurisdictional," it nonetheless "reflects a policy of

5

federal-state comity ... designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty*, 583 F.3d at 253 (citations and internal quotation marks omitted). Accordingly, this Court declines to review Petitioner's claim in Ground One.

The claim in Ground Two is likewise unexhausted because it has not been presented to the Mississippi Supreme Court in a procedurally proper manner. *See McDonald v. Epps*, No. 1:14cv116-KS-MTP, 2014 WL 5286884, at *3 (S.D. Miss. Oct. 15, 2014) (determining that petitioner's claims were unexhausted because the Mississippi Supreme Court had dismissed petitioner's appeal for failure to pay filing fees). Moreover, the claim in Ground Two is procedurally defaulted because petitioner cannot now return to the state courts in order to exhaust his claim.[3] It is long past the appeal deadline of 30 days from the date of the entry of the trial court judgment provided in Mississippi Rule of Appellate Procedure 4(a), and petitioner is

---

[3]    Additionally, and in the alternative, Petitioner's claim in Ground Two is in procedural default simply because it was dismissed by the Mississippi Supreme Court for failure to fulfill a state procedural requirement. "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Kittelson*, 426 F.3d at 315. A state court decision is presumed to rest upon independent and adequate state law grounds when the state court "clearly and expressly states that its judgment rests on a state procedural bar." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997).

Without any further justification, Petitioner argues that the Mississippi Supreme Court's dismissal of his appeal did not rest on a procedural rule. (Response, ECF No. 8, at 5). However, the Mississippi Supreme Court in fact explicitly based its dismissal of his appeal on Mississippi Rule of Appellate Procedure (a)(2) for failure to pay the filing fee. (Answer, Ex. E, ECF No. 6-5). This Court has been presented with nothing (and has found nothing in its own review of case law) to suggest that dismissal for failure to pay court fees does not constitute an independent and adequate procedural bar. *Palmer v. MDOC*, No. 1:14CV203-LG-JCG, 2015 WL 5604239, at *2 (S.D. Miss. Sept. 23, 2015) (finding the Mississippi Supreme Court's dismissal of a prisoner's petition for failure to pay the filing fee to be an independent and adequate procedural bar); *see also Sones v. Hargett*, 61 F. 3d 410, 416-18 (5th Cir. 1995) (holding that Mississippi's three year statute of limitations on filing for collateral post-conviction relief functions as an independent and adequate procedural bar to review of petitioner's claim). Accordingly, the claim in Ground Two is in procedural default.

barred from filing successive habeas petitions under Miss. Code. Ann. § 99-39-27. Therefore, this court cannot review Petitioner's claim in Ground Two unless he can demonstrate either (1) cause for the default and actual prejudice resulting from the alleged violation of law or (2) that the failure of this Court to consider his claim will result in a fundamental miscarriage of justice. *Williams*, 602 F.3d at 307. Petitioner can do neither.

1. Cause and Actual Prejudice

"'Cause' in this context is something external to the petitioner that cannot be fairly attributed to him." *Coleman,* 501 U.S. at 753. "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to" the petitioner. *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991) (citation and quotation marks omitted). Under these circumstances, Petitioner's indigent status does not rise to the level of cause. There is no right to IFP status on appeal to the Mississippi Supreme Court. *Tubwell v. Anderson*, 776 So. 2d 654, 658 (2000). Indeed, Miss. Code. Ann. § 47-5-76 requires the MDOC "to pay for an indigent inmate's court costs in condition of confinement lawsuits *only at the trial … level.*" *Id.* (emphasis added). This comports with Supreme Court precedent, which has "stopped short of an unlimited rule that an indigent at all times and in all cases has the right of relief without the payment of fees." *United States v. Kras*, 409 U.S. 434, 450 (1973).

In *Palmer v. MDOC*, a prisoner appealed the rulings of several Rule Violation Report disciplinary hearings through the ARP process, to the Circuit Court of Greene County, and then to the Mississippi Supreme Court. No. 1:14CV203-LG-JCG, 2015 WL 5604239 (S.D. Miss. Sept. 23, 2015). The prisoner requested leave to appeal IFP, which was denied by the circuit judge. When the prisoner failed to pay the filing fee for his appeal, the Mississippi Supreme Court dismissed his appeal. He then filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The district court found that the dismissal of the prisoner's appeal by the Mississippi Supreme Court did not constitute cause for purposes of overcoming his procedural default. *Id.* at *3-4; *see also Ruff v. Bradley*, No. 404CV385-P-B, 2007 WL 670952, at *4 (N.D. Miss. Feb. 28, 2007) ("No external impediment prevented the petitioner from completing the grievance review process – including paying the costs of his appeal to the Mississippi Supreme Court – and thereafter properly raising and discussing these claims as grounds for relief in state court.").

The same is true here; no external impediment prevented Petitioner from paying the costs of his appeal to the Mississippi Supreme Court. Because Jones has failed to demonstrate cause, the Court need not question whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

2.   Fundamental Miscarriage of Justice

8

The miscarriage of justice exception is reserved for a petitioner who "is 'actually innocent' of either the offense giving rise to his conviction or 'actually innocent' of the death penalty." *McCleskey,* 499 U.S. at 493-94 (citing *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 340 (1992)). Jones does not claim that he is actually innocent. In Ground Two, he only argues that his parole eligibility date for parole release consideration was unlawfully eliminated by MDOC.[4] Therefore, Jones' Petition "does not fit within the narrow category of [§ 2254] proceedings [that] implicate a fundamental miscarriage of justice." *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

## III.    Recommendation

Based on the foregoing reasons, the undersigned recommends that Respondent's motion to dismiss embedded within Respondent's Answer (ECF No. 6) be GRANTED and Petitioner's Application for Writ of Habeas Corpus (ECF No. 1) be DENIED. The claim in Ground One should be dismissed without prejudice for failure to exhaust and the claim in Ground Two should be dismissed with prejudice as procedurally barred.

## IV.    Notice of Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

---

[4] The basis of his legal argument is that the application of a Mississippi parole statute that took effect in 2008 – which was the purported basis for the elimination of his eligibility for parole consideration – to his case violated the "ex post facto" clauses of the United States and Mississippi constitutions.

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir.1996).

**SIGNED,** this the 3rd day of June, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE