## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**OTHA JONES, #07186**                                    **PETITIONER**

**v.**                                          **CAUSE NO. 1:14CV128-LG-JCG**

**JOHNNIE DENMARK**                                       **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION

This cause comes before the Court on the Report and Recommendation [11] of United States Magistrate Judge John C. Gargiulo entered in this cause on June 3, 2016. In this Petition for Writ of Habeas Corpus, Jones contends his parole was improperly revoked and his parole eligibility was unlawfully eliminated by a change in the law. He contends he is now serving a sentence of life imprisonment without possibility of parole, whereas before a change in Mississippi's parole statute, his sentence was one of life with possibility of parole. The Magistrate Judge examined the Petition, the Respondent's Answer, and the record, and determined that Jones' claims were unexhausted and procedurally barred. Jones filed an objection to the findings, which the Court now reviews.

STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust,* 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an

objection is made.").  Such review means that this Court will examine the entire record and will make an independent assessment of the law.  The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson,* 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

PETITIONER'S OBJECTIONS AND ANALYSIS

Jones was convicted of murder in 1976 and released on parole four times, until his last return to prison in 2002.  Jones pursued his complaint in Count Two of his Petition – that his parole eligibility was unlawfully eliminated through a change in the law – through the MDOC Administrative Remedy Program to the Mississippi Supreme Court, where it was dismissed for failure to pay the filing fee.  Jones pursued his complaint in Count One – that his parole was unlawfully revoked – to the Mississippi Supreme Court, where it is currently pending.

The Report and Recommendation finds that Jones has failed to exhaust state remedies in regard to both of his Counts, which is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254(b)(1).  The Report and Recommendation further finds that the time to exhaust Count Two, regarding elimination of parole eligibility, has passed, which results in a procedural default of the claim and a bar to review by this Court.  The Report and Recommendation

further finds that the narrow exceptions to procedural default, which are "cause and actual prejudice" and "fundamental miscarriage of justice," do not apply.

Jones' first objection appears to be that the Court may review his claim in Count One, that his parole was improperly revoked, because the claim "allegedly remain pending, but was technically dismissed." (Pet. Obj. 3, ECF No. 13). However, the Court visited the Mississippi Supreme Court docket website, and Jones' appeal appears to be pending at this time. Jones does not substantiate his claim that the appeal was technically dismissed. This objection is without merit.

Jones makes a series of objections to the findings regarding his claim in Count Two that his parole eligibility was unlawfully eliminated due to a change in the law. The first is merely a reurging of his original argument that he exhausted the claim by filing his petition with the Mississippi Supreme Court without the required filing fee. The Magistrate Judge correctly analyzed this issue, and Jones fails to raise a valid factual objection by reurging the original grounds for relief.

Jones also contends that the Court should not find procedural default of the parole eligibility claim. He argues that cause for default should be attributed to the state, because it prevented review of the claim by requiring payment of an appeal fee. This is a re-casting of Jones' original argument that his indigency was the cause for the procedural default. The Magistrate Judge reviewed the applicable law and concluded that Jones' indigent status did not rise to the level of cause as a matter of law. The Magistrate Judge correctly analyzed this issue, and Jones fails to raise a valid factual objection by essentially reurging the original grounds for

relief.

Jones further argues that the state does not apply its procedural rule requiring payment of the appeal fee consistently, because "it is an ongoing practice of the courts to so allow indigent prison litigators to [proceed *in forma pauperis*]." (Pet. Obj. 11, ECF No. 13).  Jones does not provide any support for this assertion, and the Court is aware of a number of instances where an indigent prisoner's claims were dismissed by the Mississippi Supreme Court for failure to pay the filing fee.  *See, e.g., Palmer v. MDOC*, No. 1:14cv203-LG-JCG, 2015 WL 5604239 (S.D. Miss. Sept. 23, 2015); *Clay v. Bingham*, No. 5:10cv6-DCB-MTP, 2010 WL 6332046 (S.D. Miss. Aug. 20, 2010).  It is well established in Mississippi law that an inmate plaintiff may proceed *in forma pauperis* at the trial level in civil cases, but there is no right to do so on appeal.[1]  *See Moreno v. State*, 637 So. 2d 200, 202 (Miss. 1994) (prisoner not entitled to appeal challenge to parole board policy change *in forma pauperis*).  Therefore, this objection is without merit.

CONCLUSION

After having conducted a *de novo* review of the objected-to portions of the Report and Recommendation, the Court finds no grounds for modifying the Magistrate Judge's findings and conclusions.  Further, the unobjected-to portion of

---

[1] The only exception is an action for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1, *et seq.*  *Moreno,* 637 So. 2d at 202.  Jones' appeal concerning the effect of a change in the law on his parole eligibility does not present any of the grounds for post-conviction relief set out in Miss. Code Ann. § 99-39-5.  Thus, the appeal does not fall within the exception.

the Report and Recommendation is neither clearly erroneous nor contrary to law. The Magistrate Judge properly found that Jones failed to exhaust his state court remedies prior to filing this Petition, which warrants dismissal.  The Report and Recommendation will be adopted as the findings and conclusions of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [11] of United States Magistrate Judge John C. Gargiulo entered in this cause on June 3, 2016, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's Petition is **DISMISSED**. The claim in Ground One is dismissed without prejudice, and the claim in Ground Two is dismissed with prejudice as procedurally barred.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE